# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| MARK ELDON CREWS, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: CV514-012 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | (Case No.: CR510-27) |
| | * | |
| Respondent. | * | |

## ORDER

Presently before the Court are Petitioner Mark Crews' ("Crews") Objections to Magistrate Judge James E. Graham's Report and Recommendation. Dkt. No. 6. After an independent and *de novo* review of the entire record: Crews' Objections, dkt. no. 9, are **OVERRULED**; the undersigned concurs with the Magistrate Judge's Report and Recommendation; the Magistrate Judge's Report and Recommendation, as supplemented below, is adopted as the opinion of the Court; and Crews' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, dkt. no. 1, is **DENIED**.

I. **Background**

Crews currently is incarcerated in the United States Penitentiary in Lompoc, California. Crews was convicted in this

Court, after he pled guilty, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Crews was sentenced to 15 years' imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). United States v. Crews, 5:10-CR-27, Dkt. Nos. 41, 42 (S.D. Ga. Feb. 8, 2012). Crews filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed Crews' conviction and sentence. United States v. Crews, 495 F. App'x 36 (11th Cir. 2012).

Crews commenced this action on January 30, 2014, by filing a "Motion to Vacate, Set Aside, or Correct Sentence" pursuant to 28 U.S.C. § 2255. In his motion, Crews contended that his prior burglary convictions under Georgia and Florida law do not qualify for predicate offenses under the ACCA. Crews also contended that his counsel was ineffective for failing to raise these issues on appeal and for not objecting to the use of Crews' Florida burglary convictions before this Court.[1] Dkt. No. 1.

Respondent asserted that Crews' claims are without merit and that he was sentenced appropriately as an armed career criminal. Respondent also argued that Crews' Motion improperly recharacterized the claims he raised on direct appeal by

---

[1] Before this Court, Crews' counsel objected to the use of his Georgia burglary convictions as ACCA predicate offenses at sentencing.

labeling his claims as ineffective assistance of counsel. Dkt. No. 5.

Magistrate Judge Graham determined that Crews failed to satisfy the Strickland[2] standard for ineffective assistance of counsel. Specifically, the Magistrate Judge determined that Crews was not prejudiced at the trial or appellate level by any failure of his counsel to challenge the use of Crews' prior burglary offenses as predicate offenses under the ACCA. Dkt. No. 6, p. 7. In so doing, the Magistrate Judge concluded that, pursuant to the analysis found in Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013), Crews' burglary convictions under Georgia and Florida laws qualified as violent felonies under the ACCA. Id. at pp. 4-7.

Crews filed a Traverse to Respondent's Response after the issuance of the Magistrate Judge's Report. In his Traverse and in his Objections, Crews asserts that his convictions under Georgia law for burglary under O.C.G.A. § 16-7-1(c) do not qualify as predicate offenses for purposes of the ACCA based on the Eleventh Circuit Court of Appeals' decision in United States v. Howard, 742 F.3d 1334 (11th Cir. 2014). In light of Crews' assertions, Respondent was directed to address the applicability

---

[2] To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668 (1984).

of Howard to the facts of this case. Dkt. No. 12. Crews was then allowed an opportunity, after Respondent filed its supplemental response, to file any desired reply. Id. The parties have filed their respective response and reply, and the Court now addresses the parties' contentions.

## II. Discussion

Crews' Petition presents an issue more complicated than would appear at first blush: whether each of his state law convictions for burglary constitute a burglary in relation to the federal Armed Career Criminal Act. As Crews points out throughout his pleadings, this inquiry is informed by recent decisions of the United States Supreme Court and the Eleventh Circuit. However, these precedents only support the finding that Crews' state law convictions were properly treated as violent felonies warranting the sentencing enhancement he received.

A. Predicate Offenses under the ACCA

The Magistrate Judge's Report and Recommendation contains an accurate description of the applicable law. However, given the somewhat convoluted nature of the issues at hand, the Court reiterates the applicable authorities. The Court begins, as it must, with the plain language of the statute. The ACCA provides, in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> As used in this subsection—
>
> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is *burglary*, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. §§ 924(e)(1) & (2)(B) (emphasis supplied).

As stated above, under the ACCA, a person convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum sentence of 15 years' imprisonment if he has three prior convictions for a violent felony or serious drug offense, committed on different occasions. 18 U.S.C. § 924(e)(1). Though the statute specifically lists "burglary" as a violent felony, merely because a state conviction is labeled as "burglary" does not automatically qualify it as a predicate offense under the ACCA.

Rather, "[a]s the [ACCA] has been interpreted, a conviction for 'generic burglary' counts as a violent felony, while a conviction for 'non-generic burglary' does not." United States v. Rainer, 616 F.3d 1212, 1213 (11th Cir. 2010), *abrogated on other grounds by* Howard, 742 F.3d 1334. A "generic" burglary is "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). A "non-generic" burglary is one that "do[es] not include all of the elements essential to generic burglaries," including burglaries of boats, automobiles, and other non-buildings. Rainer, 616 F.3d at 1214.

As with all crimes, to assess whether a state conviction for burglary qualifies as a generic crime, the Court can employ two methods. First, the Court must assess the state statute under "the categorical approach." Howard, 742 F.3d at 1345-46. If that assessment does not end the inquiry, then the Court must determine whether the statute can be assessed under the "modified categorical approach." Id.

Under the "categorical approach," courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime — i.e., the offense as commonly understood." Descamps, __ U.S. at __, 133

AO 72A
(Rev. 8/82)

S. Ct. at 2281. Under this approach, "[t]he prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Id. If the statute so qualifies, then this ends the inquiry, and the modified categorical approach is not needed. Howard, 742 F.3d at 1345.

However, if the statute does not qualify as a predicate offense under the categorical approach, the Court must then determine whether it can apply the "modified categorical approach." Id. Courts can use the modified categorical approach in those instances "when a prior conviction is for violating a so-called divisible statute." Descamps, __ U.S. at __, 133 S. Ct. at 2281. A divisible statute is a statute which "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to . . . to determine which alternative formed the basis of the defendant's prior conviction." Id. To determine which alternative of a divisible statute formed the basis for the prior conviction, the Court can assess a limited class of documents including the charging document, written plea agreement, transcript of plea colloquy, and any

explicit factual finding by the trial judge. Shepard v. United States, 544 U.S. 13, 16 (2005). These documents are commonly referred to as "Shepard documents."

If a statute is divisible, the Court can use the Shepard documents to "do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." Descamps, ___ U.S. at ___, 133 S. Ct. at 2281. If the Shepard documents show that the defendant was found guilty under elements of a divisible statute that match elements of the generic offense, instead of those that do not, the prior conviction is an ACCA predicate. Howard at 1347.

In contrast, "a statute is indivisible if it contains 'a single, indivisible set of elements.'" Id. at 1346 (quoting Descamps, ___ U.S. at ___, 133 S. Ct. at 2282 and at 2281 ("defining an indivisible statute as one 'not containing alternative elements'")). "An example of an indivisible statute would be one that criminalizes assault 'with a weapon,' instead of criminalizing assault 'with a gun, a knife, or an explosive.'" Id. (internal citation omitted). "If a statute is indivisible, a court may not apply the modified categorical approach, and that is the end of the inquiry; the prior conviction cannot qualify as an ACCA predicate regardless of what any Shepard documents may show." Id.

The Eleventh Circuit's application of these principles in Howard particularly informs the Court's inquiry in the case at hand. In Howard, the Eleventh Circuit assessed whether the defendant's conviction under Alabama's third-degree burglary statute qualified as a generic burglary and, thus, a predicate violent felony under the ACCA. The Eleventh Circuit noted "[t]he elements of generic burglary under the ACCA are: (1) 'an unlawful or unprivileged entry into, or remaining in,' (2) 'a building or other structure,' (3) 'with intent to commit a crime.'" Id. at 1348 (quoting Taylor, 495 U.S. at 598). The Alabama statute that the defendant in Howard was convicted under provides: "[a] person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." ALA. CODE § 13A-7-7. The term "building" is defined under Alabama law as:

> Any structure which may be entered and utilized by persons for business, public use, lodging or the storage of goods, and such term includes any vehicle, aircraft[,] or watercraft used for the lodging of persons or carrying on business therein, and such term includes any railroad box car or other rail equipment or trailer or tractor trailer or combination thereof.

ALA. CODE § 13A-7-1(2) (emphasis supplied).

The Eleventh Circuit first determined that this statute did not qualify as generic burglary under the categorical approach because the elements of the offense were not the same as, or narrower than, those of the generic offense. Howard, 742 F.3d

at 1348. Specifically, the court held, "A number of those things included in the definition of 'building' (such as vehicles and watercraft) fall outside the 'building or structure' element of generic burglary, making the [Alabama third-degree] burglary statute non-generic." Id. (citing Rainer, 616 F.3d at 1215).

The Howard court then went on to assess whether the statute was divisible and, therefore, able to be assessed under the modified categorical approach. The court noted that under Descamps, the "key to determining divisibility . . . is whether the statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile." Id. (internal citation omitted) (emphasis in original). The Alabama statute contains nothing "suggest[ing] its definition of 'building' is drafted in the alternative." Id. "The items that follow each use of the word 'includes' in the statute are non-exhaustive examples of items that qualify as a 'structure' and thus count as a 'building' under . . . § 13A-7-1(2). . . . The statutory definition of 'building' does not say what is not included. In light of the Descamps decision, illustrative examples are not alternative elements." Id. (internal citations omitted). Thus, the Eleventh Circuit's determined that Alabama's third-degree burglary statute, § 13A-7-7, is a non-generic and indivisible

AO 72A
(Rev. 8/82)

10

statute, and, therefore, a conviction under that statute "cannot qualify as a generic burglary under the ACCA." Id. at 1349.

B. Assessment of Crews' Burglary Convictions

The Court now applies the rationale of the Descamps and Howard decisions to determine whether Crews' Georgia and Florida burglary convictions qualify as violent felonies under the ACCA.

Crews was convicted of burglary for events which took place in Georgia in 2002 and 2005. The Georgia burglary statute provided:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof. A person convicted of the offense of burglary, for the first such offense, shall be punished by imprisonment for not less than one nor more than 20 years.

GA. CODE ANN. § 16-7-1(a) (West 2002 & 2005 versions).[3]

As with the Alabama statute at issue in Howard, taken as a whole, the Georgia burglary statute does not qualify as a generic statute under the categorical approach because the elements of the entire statute are not the same as, or narrower than, those of the generic burglary offense. The Georgia statute makes it a violation to unlawfully enter certain things,

---

[3] The Georgia burglary statute has been amended since Crews' convictions. However, the only version of the statute that is relevant to this Court's inquiry is the version that was in effect at the time of Crews' offenses. Herein, the Court refers to that version as "the Georgia burglary statute."

including vehicles and watercraft, that fall outside the "building or structure" element of generic burglary. Thus, the Court must proceed to assess whether the statute is divisible and can, therefore, be assessed under the modified categorical approach.

Unlike the statute at issue in Howard, the Georgia burglary statute is a divisible statute. Rather than providing non-exhaustive and nested examples of structures like the statute in Howard, the Georgia statute sets out the places and things that a person may not unlawfully enter in the alternative. Indeed, the Georgia statute mirrors the following example of a divisible statute that the Supreme Court laid out in Descamps: "[a divisible statute] sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile." 133 S. Ct. at 2281 (emphasis in original). Thus, the Court can use the modified categorical approach to determine which alternative contained in the Georgia burglary statute formed the basis for Crews' convictions and whether that alternative meets the definition of generic burglary.

A review of the Shepard documents reveals that as to each of his Georgia convictions, Crews was convicted of burglary by entering a building without authority and "with the intent to commit a theft therein." Dkt. Nos. 5-3, 5-5. His 2003

conviction was for burglarizing a "merchant store," dkt. No. 5-3, and in 2007, he was convicted of burglarizing an auto parts store. Dkt. No. 5-5. Thus, it is clear that the "any other building" alternative of the burglary statute formed the basis of Crews' Georgia convictions.

In addition to contesting the divisibility of the Georgia statute, Crews argues that the portion of the Georgia statute making it unlawful to burglarize "any other building" does not repeat "the necessity that such entry be unprivileged and with felonious intent." Dkt. No. 24, p. 3. This is an erroneous reading of the Georgia burglary statute. The Georgia statute begins, "A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he . . . ." GA. CODE ANN. § 16-7-1(a) (West 2002 & 2005 versions). These primary elements of the offense are not repeated in the statute but clearly apply to the later clauses including "enters or remains within any other building."[4] Moreover, Georgia courts have interpreted the burglary statute to require that the defendant entered the structure unlawfully

---

[4] Crews' reading not only ignores the plain language of the Georgia burglary statute, it would also lead to the absurd result that the statute outlaws simply entering or remaining in any building, railroad car, or aircraft regardless of intent or permission to do so.

AO 72A
(Rev. 8/82)

13

or without authority, even in the commercial burglary context. See, e.g., Smith v. State, 281 Ga. App. 91, 93 (2006).[5]

As for Crews' contention that the entry must be with "felonious intent," (with intent to commit a separate felony inside the building) he misapprehends the elements of generic burglary. Generic burglary includes an element that the entry be "with intent to commit a crime." Howard, 742 F.3d at 1342. The Georgia statute's requirement that the unauthorized entry be "with an intent to commit a felony or theft" not only satisfies this element, it is actually more narrow on this point. Of course, the burglary itself must qualify as a felony, and there can be no dispute that Crews' Georgia burglary convictions were felonies. Violation of the Georgia burglary statute was punishable by not less than one (1) nor more than twenty (20) years' imprisonment. GA. CODE ANN. § 16-7-1(a) (West 2002 & 2005 versions).

Thus, the Magistrate Judge correctly concluded that Crews' convictions for burglary under Georgia law meet the definition of generic burglary and, consequently, qualify as "violent felonies" under the ACCA.

Crews' ACCA status also hinged on his conviction for burglary committed in 2005 in the State of Florida. The

---

[5] "Sentencing courts conducting divisibility analysis in this circuit are bound to follow any state court decisions that define or interpret the statute's substantive elements, because state law is what the state supreme court says it is. Howard, 742 F.3d at 1346.

relevant Florida statute defined burglary as entering or remaining in a dwelling, structure, or conveyance without permission and with the intent to commit an offense therein. FLA. STAT. § 810.02(4) (West 2005). As to the specific subsection that Crews was convicted of, the statute went on to provide:

> Burglary is a felony of the third degree, . . . if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a: (a) Structure, and there is not another person in the structure at the time the offender enters or remains; or (b) Conveyance, and there is not another person in the conveyance at the time the offender enters or remains.

Id.[6]

Like the Georgia statute discussed above, this Florida statute is broader than generic burglary but sets out the places and things (structures and conveyances) that a person may not unlawfully enter in the alternative. Therefore, the statute is divisible, and the Court can determine, using the modified categorical approach, which alternative Crews was convicted of and whether that alternative meets the elements of generic burglary for purposes of the ACCA.

The Shepard documents regarding Crews' Florida burglary conviction reveal that he was convicted of "unlawfully enter[ing] or remain[ing] in . . . a building, the property of

---

[6] "'Conveyance' means any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car[.]" FLA. STAT. § 810.011(3) (West 2005).

Napa Auto Parts, with the intent to commit an offense therein, contrary to the provision of Section 810.02(4), Florida statutes." Dkt. No. 5-6 & at p. 7. Consequently, like his conviction under Georgia law, Crews' conviction for burglary under Florida law was for an alternative that included all of the elements of generic burglary and, thus, qualifies as a violent felony under the ACCA.

Each of Crews' convictions for burglary under Georgia and Florida law constitute a burglary in relation to the federal Armed Career Criminal Act. Therefore, these crimes constitute predicate "violent felonies" under the ACCA. Any challenge to the use of these prior convictions during sentencing or on appeal for purposes of the ACCA would have been unsuccessful. Thus, no prejudice inured to Crews due to his counsel's decision not to raise these issues at sentencing or on appeal. For these reasons, the Magistrate Judge correctly concluded that even if Crews' counsel had rendered deficient performance, Crews fails to meet the prejudice prong of the Strickland test. Dkt. No. 6, p. 3.

### III. Conclusion

Crews' Objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Crews' motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, is

**DENIED.** The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 27 day of February, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

17